**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0529, <u>In the Matter of Timothy W. Johnson and Carol A. Johnson</u>, the court on May 11, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that a formal written opinion is unnecessary in this case. We affirm.

The petitioner, Timothy Johnson, appeals an order of the Circuit Court (<u>Lemire</u>, J.) denying his motion to modify his child support. The petitioner contends that the trial court erred by concluding that the 2013 amendment to RSA 461-A:14, IV, <u>see</u> Laws 2013, 201:1, which provided that "[n]o child support order for a child with disabilities may continue after the child reaches age 21," does not apply retroactively to support orders, like his, that were issued prior to the effective date of the amendment. Because resolution of this issue requires statutory interpretation, our review is <u>de novo</u>. In the Matter of Serodio & Perkins, 166 N.H. 606, 609 (2014).

A child's right to receive financial support is substantive in nature. <u>In the Matter of Donovan & Donovan</u>, 152 N.H. 55, 63 (2005). Therefore, the presumption in favor of prospective application must be applied. <u>Id</u>. Furthermore, the 2014 amendment to RSA 461-A:14, IV, <u>see</u> Laws 2014, 225:1, which became effective before the trial court's notice of decision of its order ruling that the 2013 amendment is not retroactive, clarified the legislature's intent that the 2013 amendment not apply to support orders issued before its effective date. The 2014 amendment specifically provides that "[n]o child support order for a child with disabilities which becomes effective after [the effective date of the 2013 amendment] may continue after the child reaches age 21." RSA 461-A:14, IV (Supp. 2014); Laws 2014, 225:1.

The petitioner argues that the 2013 amendment is remedial, and, therefore, should be applied retroactively, because it "was enacted to provide a remedy for those situations wherein one parent was obligated to pay child support for an adult child with disabilities who was entitled to benefits through Social Security or Medicaid as of the age of 21" and does not impose "a new obligation on any party, but removed an obligation which the legislature determined to eliminate." However, the statute affects the child's substantive right to support. <u>See</u> <u>Donovan</u>, 152 N.H. at 63.

The petitioner argues that the 2014 amendment shows that the "legislature realized that the plain meaning and effect of the 2013[ ] amendment . . . was to deprive the Family Division of the power to order child support for disabled children who are 21 years of age and to automatically terminate all support orders when the adult child reached the age of 21." To the contrary, we conclude that the 2014 amendment clarifies the legislature's original intent as to whether the 2013 amendment is to apply retroactively.

The petitioner argues that, on the date of its initial order denying his motion, the trial court "did not have the legal authority to order [him] to continue paying child support for the parties' disabled child who was then over 21 years of age." Assuming without deciding that this argument is preserved, because the 2013 amendment to RSA 461-A:14, IV does not apply retroactively, the trial court had the requisite authority to require the petitioner to continue paying support pursuant to the earlier support order.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**